**George L. FISHER, Respondent,**

v.

**CITY OF INDEPENDENCE, Missouri, Appellant.**

No. 23148.

Kansas City Court of Appeals.

Missouri.

June 5, 1961.

John F. Thice and Gilbert R. Titus, Independence, for appellant.

Arthur B. Taylor, Independence, S. David Trusty, Kansas City, for respondent, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

MAUGHMER, Commissioner.

The Industrial Commission of Missouri entered an award of $614.75 in favor of George L. Fisher, respondent, against appellant, the City of Independence, Missouri. Upon motion of Fisher, the Commission set aside the award and dismissed the claim. The Circuit Court of Jackson County affirmed and the City has appealed.

Plaintiff, on July 20, 1957, and while in the employ of defendant, suffered an injury which was compensable if covered by workmen's compensation. It is undisputed that thereafter the City paid him his regular weekly wages of $68.20 for a period of 43

weeks, totaling $3,069, although plaintiff rendered no services during that period.

On June 6, 1959, plaintiff filed suit against the City for common law damages. The City moved to dismiss, alleging that the parties were subject to the Missouri Workmen's Compensation Law, Chapter 287, RSMo 1949, V.A.M.S. Plaintiff offered no objection, the motion was sustained and the lawsuit was dismissed.

Plaintiff then filed a claim for workmen's compensation. By agreement the referee allowed total compensation in the sum of $3,683.75—$35 per week for 82.25 weeks. The findings of the referee recite that the only dispute between the parties concerned the amount of credit on the award the City was entitled to receive by reason of the payment of $3,069 which it had made as wages after the injury. The defendant City contended it was entitled to be credited with the whole of this amount. Plaintiff asserted the credit should be only to the extent of the weekly compensation award or $35 for 45 weeks—the period for which salary was paid—a total of $1,575. The referee adopted plaintiff's theory and gave credit for only $1,575. The City appealed to the Commission on this point alone. The Commission on July 28, 1959, ruled the full amount of $3,069 should be credited and entered an award in plaintiff's favor for the net difference of $614.75. Section 287.-160, subd. 3, V.A.M.S. now provides and provided when this claim arose, that "The employer shall be entitled to credit for wages paid the employee after the injury, * * *". It would seem that the Commission properly allowed credit for the full amount. In any event, neither party appealed from this holding.

Within thirty days after entry of the award plaintiff filed with the Commission a motion styled "Motion to be permitted to withdraw claim and be permitted to file under common law". Claimant bottomed his motion upon a charge that the City falsely and fraudulently represented it was a self-insurer and covered by workmen's compen-

sation, whereas in truth and in fact it was not so covered at the time of plaintiff's injury and in support of this allegation attached to the pleading copy of a letter from the office of the Division of Workmen's Compensation. The letter referred to is one dated June 18, 1959, from the Director to Mr. Arthur B. Taylor, counsel for plaintiff. Therein it is stated that the City "filed acceptance of the law July 16, 1929, and that acceptance continues in force and effect. The City of Independence became a self-insurer but the authority was canceled on September 30, 1949".

An opinion herein by this Court was handed down in October, 1960. A rehearing was granted partly at least on plaintiff's complaint that the Court in its opinion, gave consideration to Commission records that were furnished to this Court directly which were not part of the formal record in this proceeding. That point is now disposed of by the following statement in reference thereto which appears in plaintiff's supplemental brief: "We agree that the Court may consider them as if they had been introduced in evidence".

On August 12, 1959, the Industrial Commission by a two to one vote, sustained plaintiff's motion, vacated the award of July 28, 1959, and dismissed the claim for compensation. The chairman of the Commission dissented upon the stated ground that the employee had made a valid election of remedies and expressing the opinion that the motion to vacate and dismiss "smacks of sour grapes and should be overruled."

From the record before us it is abundantly clear that the City of Independence by Ordinance No. 8844, passed June 17, 1930, elected to bring itself within the provisions of the Act. Section 3303 R.S.Mo., 1929, (now Section 287.090, subd. 2, V.A.M.S.). This compliance statute provided that a city might bring itself "within the provisions of this chapter by filing with the Commission notice of * * * election" and posting five notices of such election on its

premises, and that any employee entering its service or remaining in such service thirty days after the posting of such notices should be presumed to have accepted this chapter unless he shall have filed with the Commission and his employer a written notice of rejection. No notice of rejection was ever filed. It is conceded that at this time the City qualified as to surety and otherwise as a self-insurer and was duly recognized as such by the department.

Among others, the following Rules, Regulations and Procedure of the Industrial Commission of Missouri were at all times herein mentioned in full force and effect. Rule 10-1: "Such self-insurance authority, if granted, will continue in force and effect *until revoked by the Division upon notice and hearing on show-cause order* or until withdrawn by the employer, except that upon failure of a self-insurer to continuously maintain security, hereinafter provided for, in the amount required by the Division, such self-insurance authority shall forthwith terminate without such notice and hearing". Rule 10-11: "The privilege of self-insurance may be revoked by the Division of Workmen's Compensation at any time *upon reasonable notice and hearing and for good cause shown*". (Italics added.)

The real bone of contention here stems from an opinion by the Attorney General of Missouri, dated September 30, 1949, holding Section 287.090, V.A.M.S., which authorizes municipalities to elect to come under the Act to be unconstitutional. Based upon this opinion the attorney for the Commission addressed a letter dated November 17, 1949, to the City of Independence, declaring that "the attempt to bring your employees under the provisions of the Missouri Workmen's Compensation Law by filing an acceptance of it with this Division is, and has always been, null and void, as is our authorization of you as a self-insurer". This letter neither reports nor implies that any action had been taken by the Commission itself—its attorney alone was expressing his belief buttressed by the

opinion of the Attorney General. No notice of any hearing as provided by the Commission's rules was ever given. Nor did the letter purport to report any cancellation by the Commission for cause but rather advised that in the opinion of its attorney any attempt by municipalities to come under the Act was unconstitutional and was null and void by reason of the Attorney General's opinion. On February 7, 1950—82 days later—having re-examined the matter, the Attorney General issued a second opinion holding exactly the opposite, that is, that it was permissible and constitutional for municipalities to "come under the Act". This time the Director of the Division of Workmen's Compensation followed the General and by letter dated February 24, 1950, addressed to the City of Independence said: (1) That the opinion now ruled municipalities could accept the Act; (2) "Your status as an employer under the Workmen's Compensation law, therefore *is the same as before the opinion of September 30, 1949*". (Italics furnished.) (3) "Your authority as a self-insurer will be reinstated upon your prompt advice that you wish it to be, to become effective when you comply with the requirement of the minimum surety of $10,000 by one of three ways: (1) An approved surety bond; (2) depositing in escrow approved securities; (3) depositing cash in escrow". Counsel for the City declare these original letters are not now among the City records. There is no showing the City ever withdrew its surety, either in the form of securities or otherwise.

■ While the Attorney General's opinions are entitled to great weight, are persuasive and should be followed, especially by state officials, boards and commissions, unless and until a proper court rules otherwise, such opinions do not become the law of the land. Nor do the interpretations placed thereon by an attorney for the Commission have such effect. In fact, the Commission itself can only do those things and make only those orders which the Act, or its own rules and regulations made pursuant thereto, authorize.

Besides, the letters here, in addition to adopting the completely opposite opinions of the Attorney General—issued 82 days apart—added a completely inconsistent interpretation by declaring in the last letter (1) The City's status was the same as before the first opinion, that is, covered by the Act, and (2) the City can again secure coverage only by reproviding security.

It is well understood that the Attorney General's second opinion is now the prevailing view on this question. It is conceded and we find that the City duly elected to "come under the Act" and complied with all the prerequisite requirements as to surety and otherwise and this was the existing status when the Attorney General's opinion of September 30, 1949 was issued. The opinion of the Attorney General that municipalities could not constitutionally be covered effected no change whatsoever in the legal status of the parties. Whatever cancellation the Commission's attorney attempted to make was based solely on the Attorney General's opinion. The letters clearly show on their face that both were prompted by that opinion and do not even suggest that any formal action thereon had been taken officially by the Commission. Certainly an order of this importance, canceling the Workmen's Compensation coverage of Independence and in effect hundreds of other Missouri cities and affecting the rights of thousands of employees, requires formal action of record by the Commission and cannot result from the voicing of an opinion by its attorney. Even if the letters were based on action taken by the Commission itself on its own initiative, the same were ineffective because no notice was given as specifically required by its own rules (Rule 10, Sections 2 and 11, supra).

It follows, and it is our opinion that the City of Independence was at all times herein mentioned qualified as a self-insurer under the Act. This being so, the employee-plaintiff was not vested with a right of election between two separate remedies, that is, filing a claim under the Act or suing for damages at common law. It is therefore unnecessary to discuss or decide whether or not plaintiff's acts in filing the common law action, then permitting it to be dismissed, filing a claim for compensation and pursuing it to final judgment, would in law amount to an election on his part to pursue that remedy exclusively and to the exclusion of a right to maintain an action under the common law.

The judgment of the Circuit Court is reversed and the cause remanded with directions that the cause be remanded to the Commission, and that the Commission be and it is hereby ordered and directed to reinstate its award of July 28, 1959.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.