Brian Keith MOORE, Appellant,

v.

Donald W. WYRICK, Warden, Missouri
State Penitentiary, State of
Missouri, Appellees.

No. 81–1520.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1981.

Decided Jan. 27, 1982.

Douglas K. Rush, argued, St. Louis, Mo.,
for petitioner-appellant.

John Ashcroft, Atty. Gen., Kris Green,
argued, John M. Morris, Asst. Attys. Gen.,
Jefferson City, Mo., for appellees.

Before ROSS and STEPHENSON, Circuit Judges, and HOWARD,* District Judge.

HOWARD, District Judge.

Brian Keith Moore, a state prisoner presently serving concurrent terms of life imprisonment and a term of five years for first degree murder and attempted robbery in the first degree, has appealed from an order of the district court[1], 510 F.Supp. 1214, dismissing his petition for a writ of habeas corpus for failure to exhaust state remedies.

The thrust of Moore's claim to habeas corpus relief may be summarized: the construction given felony-murder statute § 559.010 Mo.Rev.Stat. (1962), by the Missouri Supreme Court in the appellate re-

---

* George Howard, Jr., District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

view of his conviction, *State v. Moore*, 580 S.W.2d 747 (Mo. en banc 1979) denied him due process of law because the construction "was so unexpected as to amount to imposition of punishment without fair notice to the petitioner" that he could be convicted under that statute.

We vacate the district court's order and remand for further proceedings consistent with this opinion.

Moore was charged with murder in the first degree and attempted robbery in the first degree by means of a dangerous and deadly weapon in the Circuit Court of the City of St. Louis, Missouri. He was found guilty by a jury, after a second trial, on November 15, 1976. Moore appealed his conviction to the Missouri Court of Appeals for the Eastern District, contending, among other things, that his actions, in the course of the attempted robbery, were insufficient to find him "guilty of Felony-Murder under" § 559.010 in that neither he nor one of his accomplices fired the fatal shot.[2]

The Missouri Court of Appeals transferred the case to the Missouri Supreme Court. On May 17, 1979, the Missouri Supreme Court, sitting en banc, affirmed petitioner's conviction.

In affirming Moore's conviction, the Missouri Supreme Court stated:

Whether the fatal act was done by the defendant, an accomplice, another victim, or a bystander is, under the facts here, not controlling. The significant factor is whether the death was the natural and proximate result of the acts of the appellant or of an accomplice. Of course, an

independent intervening cause might relieve appellant of responsibility for the killing, but in this case the act of Williams was not an independent act because it was the attempted robbery by the appellant and his accomplices which provoked Williams to pull the pistol he was carrying from his waistband and it was the shot fired from one of the felons which brought Williams' returned fire.

Insofar as *Majors* and *Glenn*[3] are inconsistent with this opinion, they must no longer be followed. The judgment of the Circuit Court of the City of St. Louis is affirmed.

Respondent argues, on the one hand, that petitioner has not exhausted available state remedies inasmuch as petitioner made no effort to raise the issue of "fair notice" either at the trial court level or on direct appeal. Moreover, respondent argues, that petitioner filed a post-conviction collateral attack under Missouri Supreme Court Rule 27.26 in the trial court on December 10, 1979, which is still pending.[4]

On the other hand, petitioner argues that in asserting, in his direct appeal to the Missouri Supreme Court, that the Felony-Murder Rule as previously construed, was inapplicable to the facts in his case, petitioner "did everything short of explicitly citing a denial of due process 'book and verse'." Moreover, petitioner continues, that he has no effective state remedy to redress his grievance since his claim of "insufficient notice that he could be convicted under the felony-murder doctrine" cannot be raised for the first time under Rule 27.26, citing *Williams v. State*, 567 S.W.2d

---

**2.** During the course of the attempted robbery of the Emergency Room Lounge, there was an exchange of gunfire between petitioner, his two accomplices and a bystander, Albert "Rip" Williams. A patron, Lawrence Meadows, was hit twice in the head by bullets and killed. A ballistic expert for the state identified the bullet which proved fatal to Meadows as coming from Williams' gun.

**3.** In prior cases involving facts comparable to the facts in petitioner's case, the Missouri Supreme Court held that a defendant could not be convicted of felony-murder if the fatal shot was fired by someone attempting to thwart the felo-

ny. Cf. *State v. Majors*, 237 S.W. 486 (Mo. 1922); *State v. Glenn*, 429 S.W.2d 225 (Mo. 1968).

**4.** Petitioner and respondent stipulated that petitioner's post-conviction motion should be postponed pending a ruling by the Missouri Supreme Court of a case, *State v. Lane*, No. 62,504 (Mo. en banc, pending) which addresses the issue of whether a defendant may be convicted (as Moore was in the present case) of both felony-murder and the underlying felony without violating the federal constitutional proscription against double jeopardy.

370 (Mo.App.). In other words, petitioner contends that any attempt to exhaust state remedies "will be necessarily either repetitious or futile."[5]

The district court, after finding that petitioner had raised a serious constitutional issue, concluded:

> Petitioner has never presented to any state court his argument that the Missouri Supreme Court's construction of the Felony-Murder Statute operated to deny him due process of law. He should do so before applying for relief from the federal courts. This petition will be dismissed for failure to exhaust state remedies.

The district court cited *Thomas v. Wyrick*, 622 F.2d 411 (8th Cir. 1980), in support of its posture.

In *Thomas*, the court found that the substance of petitioner's due process claim— the trial court's refusal to permit petitioner to call character witnesses was an abuse of discretion and denied him a fair trial—had never been asserted in any state court proceeding and emphasized:

> It does not follow, however, that the district Court correctly dismissed this petition for failure to exhaust. The question with respect to exhaustion is not merely whether Thomas has in the past presented his federal claim to the state courts, *but also whether there is, under the law of Missouri, any presently available state procedure for the determination of the merits of that claim.* (Emphasis supplied).

Given the circumstances where petitioner asserts that his state court appeal presented the substance of his due process claim and that to require him to exhaust state remedies would "necessarily require either repetitious or futile efforts", and where, as here, respondent contends in the state trial court that petitioner's post-conviction claim "has already been raised on appeal" and that the

matter is "not cognizable" in that court, the district court's conclusion that petitioner's claim has "never been presented to any state court" without determining whether the substance of petitioner's due process claim has been presented and, moreover, whether there is, under the law of Missouri, a presently available state procedure dictates a reversal since it cannot be said that petitioner possesses a fair opportunity to have his constitutional claim considered. *Thomas v. Wyrick*, supra.

In *Tippett v. Roberts*, 587 F.2d 373 (8th Cir. 1978), the court observed:

> We agree for the purposes of exhaustion, petitioner need not relitigate in a state post-conviction proceeding those issues which have been decided adversely to him on direct appeal from his original conviction. The exhaustion doctrine requires only that the state courts have one full and fair opportunity to decide a question which is properly presented to it.

This cause is remanded to the district court to determine:

(1) Whether the Missouri Supreme Court has already considered petitioner's due process claim in his direct appeal.

(2) If not, whether it would be futile to require petitioner to exhaust available remedies.

If the district court finds either that the Missouri Supreme Court has already considered petitioner's due process claim or that it would be futile to require him to exhaust state remedies, the district court should hear petitioner's case.

Reversed and remanded with proceedings consistent with this opinion.

---

5. On January 1, 1981, respondent filed its "Motion to Dismiss" petitioner's motion for post-conviction relief, pending in the state court, asserting:

> Finally, the allegations presented in movant's amended motion have already been raised on movant's appeal. *See State v. Moore*, 580 S.W.2d 747 (Mo.1979). It is noted here that in movant's appeal, the Missouri Supreme Court overruled previous case law. Accordingly, movant's allegations in this regard are not cognizable here.