Anthony J. VENERI, Appellant,

v.

STATE OF MISSOURI and Dick Moore, Chairman Parole Board, Appellees.

No. 83–1465.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1984.

Decided May 18, 1984.

---

Anthony J. Veneri, Jr., pro se, and for Prominent Legal Aid Assn.

John Ashcroft, Atty. Gen., George W. Cox, III, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Anthony J. Veneri appeals the dismissal of his action brought under 42 U.S.C. § 1983 claiming that a preliminary parole revocation hearing violated his rights to due process and equal protection. On appeal he argues that the district court erred in its ruling on the merits of his claim, that he was denied discovery and that he was denied appointment of counsel. We affirm the dismissal of Veneri's complaint.

Veneri was paroled from the Missouri Division of Corrections on September 30, 1974, and supervision of his parole transferred to authorities in Pennsylvania under the Interstate Corrections Compact. On July 24, 1978, Veneri's Pennsylvania parole officer notified the Missouri Board of Probation and Parole that Veneri had been arrested and charged with a number of criminal offenses. The board issued a parole violation warrant which was lodged as a detainer in Veneri's prison file in Pennsylvania. On September 12, 1978, Veneri was informed that a probable cause hearing would be held and on November 29, 1978, notified that the date of the hearing would be December 5, 1978, and the purpose of the hearing was to determine whether he had violated the conditions of his Missouri parole. The hearing was conducted on that date before a Pennsylvania hearing examiner and Veneri was represented by a public defender. His Pennsylvania parole agent testified as to Veneri's conviction on the charge of harassing his former wife and as to his arrest on numerous felony charges arising out of two bank robberies. The hearing examiner found probable cause existed to revoke Veneri's Missouri parole. On February 1, 1979, Veneri was found guilty of the bank robbery related charges. On January 4, 1979, while awaiting trial in the Delaware County Prison, Veneri was involved in a hostage incident that led to additional felony charges and conviction. On April 4, 1980, the Board issued an order for the arrest and return of Veneri upon completion of his Pennsylvania sentences for a final parole revocation hearing.

Thereafter, Veneri filed a petition for writ of habeas corpus in the Circuit Court of Gasconade County, Missouri, against the board and its members claiming that the two-year delay in executing the warrant and conducting the final parole revocation

hearing violated due process of law. This action was dismissed for failure to prosecute. A petition for mandamus and habeas corpus was filed in the United States District Court for the Eastern District of Missouri, but dismissed for failure to exhaust available state remedies. This action was then filed with the United States District Court for the Western District of Missouri.

The action was referred to a magistrate in accordance with 28 U.S.C. § 636, and a report and recommendations were filed. The magistrate observed that the detainer placed against plaintiff on August 28, 1978, and the order for arrest and return issued on April 4, 1980, were not final determinations to revoke plaintiff's parole. The magistrate found that the procedures outlined in *Moody v. Daggett*, 429 U.S. 78, 87, 97 S.Ct. 274, 278, 50 L.Ed.2d 236 (1976), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), had been satisfied, and that the hearing conducted December 5, 1978, met all requirements. Plaintiff was present with counsel, spoke in his own behalf and evidence of the arrest and convictions was presented. The magistrate further found that even if the preliminary parole revocation hearing was insufficient, the convictions on the charges connected with the bank robberies and the hostage incident were sufficient probable cause to support the detainer against Veneri, *citing Moody v. Daggett.*

The magistrate finally found that the relief sought by plaintiff, injunctive relief to remove the detainer against him, is essentially an action for habeas corpus and there were no allegations that he had exhausted his state remedies either in the state courts of Missouri or Pennsylvania.

Veneri filed objections to the magistrate's report, but the district court making an independent examination of the files in the case approved the recommendation of the Magistrate and dismissed the action.

After studying the decisions and records of the district court, as well as the briefs of the parties, we conclude that Veneri's claim is one cognizable exclusively under 28 U.S.C. § 2254, and, accordingly,

failure to exhaust available state court remedies would require dismissal of his action. See 28 U.S.C. § 2254(b), Rule 4, 28 U.S.C. following § 2254, and *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). We think it equally clear, however, that the claims presented by Veneri's petition are without merit from the standpoint of stating federal constitutional grounds. The order of dismissal was based on the grounds that the claims were frivolous under 28 U.S.C. § 1915(d). The exhaustion requirements are not only based on principles of comity so as to prevent a federal court from granting a writ of habeas corpus when the issues have not been determined in the district court, but also on considerations of judicial economy. See *Rose v. Lundy, supra.* In view of the ruling of the district court that the action is frivolous, we believe that neither reasoning would be served by ordering the district court to amend its ruling so that a state court may further consider the claims determined to be frivolous. We find no error in denying discovery or appointment of counsel. We find no error of law in the order of the district court.

The findings of fact are not clearly erroneous. Accordingly, we affirm on the basis of Eighth Circuit Rule 14.