Charles Lee THOMAS,
Petitioner-Appellant,

v.

Donald W. WYRICK et al.,
Respondents-Appellees.

No. 79–2046.

United States Court of Appeals,
Eighth Circuit.

Submitted April 18, 1980.

Decided June 13, 1980.

Andrew F. Puzder, St. Louis, Mo., for petitioner-appellant.

Kathryn Marie Krause, Asst. Atty. Gen., Jefferson City, Mo. (argued), and John Ashcroft, Atty. Gen., Jefferson City, Mo., on brief, for respondents-appellees.

Before HEANEY and ARNOLD, Circuit Judges, and WRIGHT, District Judge.*

ARNOLD, Circuit Judge.

This is a petition for habeas corpus brought by Charles Lee Thomas, a state

* The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri, sitting by designation.

prisoner now serving a sentence of 55 years for second-degree murder. The District Court dismissed the petition without prejudice for failure to exhaust presently available state remedies. We vacate and remand for further proceedings to be described later in this opinion.

Thomas was charged with murder in the Circuit Court of St. Charles County, Missouri. *Acting under what was then* Mo.R. Crim.P. 25.34, that Court directed Thomas's counsel to list for the state the names and addresses of the witnesses he intended to call at trial. On the day before trial was to begin, Thomas's lawyer informed the state that he was considering calling character witnesses. On the day set for trial, before the jury was impaneled, the state objected, pointing out that no names and addresses of witnesses had been furnished it within the time previously set by the Court's order. In response, Thomas's counsel stated that he had only just recently decided to call Thomas himself as a witness, thus raising the possibility that character witnesses might be desirable. These witnesses, some of whose names were mentioned, would give brief testimony concerning their experiences with the defendant, and would give their opinions as to the reliability, character, and integrity of the defendant. The state claimed surprise and stated that if character witnesses were called on behalf of defendant, it might want to call a rebuttal character witness, a police officer in St. Louis against whom defendant had apparently at one time made a complaint. Counsel for the state also complained that he had been given no addresses of witnesses and had had no chance to interview them.

The Court ruled that the defense character witnesses could not be called, but the ruling was, in a sense, provisional only. The Court said:

[I]t would appear to the Court to be unfair to permit calling of these witnesses at this time. That is my ruling at this time but I want it understood that if

there are any unusual circumstances that may come up that may make these witnesses proper you may call that to the attention of the Court and make the request at a later time.

Tr. 121–22.[1]

The following then took place.

MR. GROSS [counsel for Thomas]: I am unable to anticipate any unusual circumstance that would change, in fairness to Mr. Seibel [counsel for the state] and in this light I think it is best for the defendant's trial strategy to abandon the subject of character witnesses.

THE COURT: The Court has ruled and I will reserve my further ruling upon any specific request that you may make later.

Tr. 122–123. The trial lasted three days. Thomas was the only witness in his own behalf. No attempt was made to call character witnesses, nor was the subject mentioned further during the trial.

After Thomas's conviction, he appealed to the Court of Appeals of Missouri. His brief in the Court of Appeals is in the record as Exhibit B to respondent's Response in the court below. The brief argued, among other things, that the failure of the trial court to allow Thomas to call character witnesses was an abuse of discretion and "denied a fair trial." Brief of Appellant, *State v. Thomas*, No. 39016, Mo.App., Eastern District, Division 4, p. 21.

The Court of Appeals of Missouri affirmed the conviction. *State v. Thomas*, 579 S.W.2d 145 (Mo.App.1979). The Court held that the trial court had not abused its discretion. Since Thomas's counsel made no offer of proof, the Court of Appeals considered itself unable to appraise what prejudice the state might have suffered had the Court permitted Thomas to call his character witnesses.

Neither in the Circuit Court nor in the Court of Appeals of Missouri did Thomas claim that the trial court's ruling with respect to character witnesses deprived him of any right under the Constitution of the United States.

---

1. "Tr." refers to the transcript of Thomas's trial in the Circuit Court of St. Charles County, Missouri, *State v. Thomas*, No. 16858. This transcript is in the record as respondent's Exhibit A to the Response to Order to Show Cause in the District Court.

■ The District Court held that Thomas had never presented to the state courts his claim that the exclusion of character witnesses violated the Fourteenth Amendment. We agree. The reference in Thomas's brief in the Court of Appeals of Missouri to denial of a fair trial, without citation to any provision of the Federal Constitution or to any federal case, was not a sufficient presentation of the federal constitutional issue. It is not enough that Thomas presented all of the facts on which his federal constitutional claim would later be based. The substance of this claim, as a legal matter, was simply never presented to the state courts, either at trial or on appeal, and in these circumstances we are unwilling to hold that the state courts have had a fair opportunity to consider Thomas's federal claim and to correct the violation of the Fourteenth Amendment, if there was a violation.

The case is, if anything, stronger than *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the most relevant recent opinion of the Supreme Court. There, a state prisoner had claimed before the state courts that his indictment had been amended in such a way as to violate the command of the Fifth Amendment that no person may be held to answer for a serious crime except on an indictment of a grand jury, a provision that has long been held inapplicable to the states. The prisoner had not, however, contended in the state courts that the procedure followed in his case violated the Equal Protection Clause of the Fourteenth Amendment. As to the latter point, the Supreme Court held that state remedies had not been exhausted. In *Picard*, in other words, the petitioner had attacked his indictment in state court on one Fourteenth Amendment ground, but not on another. Here, no federal constitutional ground was ever presented to the state courts with regard to the exclusion of Thomas's proposed character witnesses.

■ It does not follow, however, that the District Court correctly dismissed this petition for failure to exhaust. The question with respect to exhaustion is not merely whether Thomas has in the past presented his federal claim to the state courts, but also whether there is, under the law of Missouri, any presently available state procedure for the determination of the merits of that claim. The state's brief in this Court implies, if it does not directly state, that Thomas can present this issue to the state courts in a post-conviction proceeding under Mo.R.Crim.P. 27.26. At oral argument, however, when pressed on the point, counsel for the state declined to represent unequivocally to this Court that Rule 27.26 is presently available to Thomas on the point at issue. It is possible, she seemed to say, that the Missouri courts might hold 27.26 unavailable because of Thomas's failure properly to preserve his federal claim, either at trial or on direct appeal.

The rule itself provides, in pertinent part:

A proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal.

Leaving aside for the moment the effect of Thomas's lawyer's failure to mention the Federal Constitution in the trial court, and the possibility that he may actually have abandoned the issue as a matter of trial tactics, this language seems to indicate that the failure to preserve the federal claim explicitly in the brief on direct appeal would not be a bar to a Rule 27.26 proceeding. Some Missouri cases, however, have given the rule a rather narrow interpretation. *See, e. g., Williams v. State*, 567 S.W.2d 370 (Mo.App.1978), in which it was held that allegations of double jeopardy and the unconstitutionality of Missouri's felony murder statute could not be raised for the first time in a Rule 27.26 motion. As to the double-jeopardy claim the Court said:

This point was not raised at trial in movant's motion for a new trial nor in his direct appeal. The point is thus not a subject for Rule 27.26 relief.

*Id.* at 371. As to the question of the constitutionality of the felony murder statute, the Court said:

> Constitutional questions must be raised at the earliest possible opportunity in order to be preserved. . . . This Rule 27.-26 proceeding is too late to raise movant's constitutional issue for the first time.

*Ibid.*

On the other hand, there is language in the books that indicates that in some circumstances a Rule 27.26 motion lies even though petitioner, or his lawyer, has been guilty of some procedural default, if there has been no "deliberate bypass on the part of the defendant of procedural remedies . . . ." *Vidauri v. State,* 515 S.W.2d 562, 569 (Mo.1974). *But cf. Griggs v. State,* 479 S.W.2d 478 (Mo.1972).

■ This Court could embark on a lengthy canvass of all the relevant Missouri cases and attempt to predict whether, based on these precedents, a 27.26 proceeding would lie to determine the federal constitutionality of the trial court's ruling with respect to character witnesses. We decline the invitation. The result of such an inquiry, however thorough, would be no more than a forecast on our part. Whether a state remedy is presently available is a question of state law as to which only the state courts may speak with final authority. As it happens, Thomas now has pending in the Circuit Court of St. Charles County a Rule 27.26 proceeding. This proceeding has been continued on motion of his court-appointed counsel, presumably to await the outcome of this appeal to this Court. We suggest that Thomas's counsel amend the presently pending 27.26 petition to allege expressly the grounds upon which he contends the exclusion of character witnesses is a violation of the Fourteenth Amendment. The state courts will then necessarily decide whether this point is now open, so far as state procedure is concerned. Only in this way can the question whether Thomas has a presently available state remedy be put to rest with legal certainty.

■ The judgment of the District Court is vacated, and the cause remanded with directions to hold it on the docket pending a determination by the state courts of the federal constitutional claim that Thomas now urges. If the state courts hear this claim on the merits and decide in Thomas's favor, this federal proceeding will be moot. If the state courts hear the claim on the merits and decide against Thomas, he may return to the District Court, which will then have before it a federal constitutional question as to which state remedies have undoubtedly been exhausted. If the state courts decline to reach the merits of Thomas's claim because of some procedural default by him or his lawyer, state remedies will equally clearly have been exhausted. In this last event, Thomas may return to the District Court, which will then decide the merits of his federal constitutional claim, unless federal habeas is barred by the nature of Thomas's procedural default, if any. *Compare Wainright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *with Fay v. Noia,* 372 U.S. 391 (1963). *See also Parton v. Wyrick,* 614 F.2d 154 (8th Cir. 1980)[2]; *Collins v. Auger,* 577 F.2d 1107 (8th Cir. 1978), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979); *Toliver v. Wyrick,* 469 F.Supp. 583, 596–603 (W.D.Mo. 1979).

Reversed and remanded with instructions.

---

**2.** In *Parton* we chose not to require exact adherence to the exhaustion requirement, which is, after all, a doctrine of comity and discretion, not of power. We follow a different course here because the possibility that Thomas has a presently available state remedy seems somewhat greater than it did in *Parton.* Among other things, Parton had already been through one complete, and unsuccessful, 27.26 proceeding. *Eaton v. Wyrick,* 528 F.2d 477 (8th Cir. 1975), in which petitioner was required to file a 27.26 motion despite the possibility that, under Missouri law, it might not be available, is closer to the present case.