**Lyle E. NELSON, Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary and Mark V. Meierhenry, Attorney General, State of South Dakota, Appellees.**

No. 82–2452.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 4, 1983.

Decided Aug. 15, 1983.

Mark V. Meierhenry, Atty. Gen., Grant Gormley, Asst. Atty. Gen., Pierre, S.D., for appellees.

James D. Leach, Rapid City, S.D., for appellant.

Before LAY, Chief Judge, and BRIGHT and ARNOLD, Circuit Judges.

PER CURIAM.

Lyle E. Nelson appeals from the district court's [1] dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court determined that Nelson had failed to exhaust the available state remedies for one of his two claims, and accordingly, dismissed the entire petition as required by *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). We affirm the district court's decision.

I. *Background.*

Nelson is currently serving a seventeen-year sentence in the South Dakota State Penitentiary for grand theft. On December 2, 1981, Nelson filed a federal habeas petition challenging his conviction on four separate grounds. The district court, after determining that two of the four grounds had never been presented to the state courts, dismissed the entire petition under *Rose v. Lundy, supra,* 455 U.S. at 522, 102 S.Ct. at 1205 (district court must dismiss state habeas petition containing both exhausted and unexhausted federal claims). Nelson then requested the district court to reconsider its petition without the unexhausted claims. The district court, treating

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

Nelson's request as a motion to amend his petition to delete the two unexhausted claims, granted Nelson's request.

Nelson's two remaining claims are (1) that the trial court improperly nullified his alibi defense by instructing the jury that the State need only prove that the offense was committed "on or about" the time alleged in the information, and (2) that the trial court misled the jury in instructing them that Nelson had possession of the stolen property. The State, in its response to Nelson's original petition, contended that Nelson had failed to exhaust these two issues. The State argued that Nelson presented these issues to the South Dakota Supreme Court framed only as questions of state law, and not as questions of federal constitutional law. The State reiterated this objection when it responded to Nelson's amended petition.

Thereafter, the district court again dismissed Nelson's habeas petition, ruling that the alibi defense claim had not been presented to the South Dakota Supreme Court as a federal due process claim. Although the district court determined that this was the only remaining unexhausted claim, the court, following *Rose v. Lundy,* again dismissed the entire petition. The district court stayed its dismissal order for thirty days to allow Nelson to amend his petition for a second time, but he did not attempt to do so.

## II. *Discussion.*

■ On appeal, Nelson argues that he did, in fact, present his alibi defense claim to the South Dakota Supreme Court as a federal due process issue. He concedes, however, that he did not rely on any federal cases or law. In *Thomas v. Wyrick,* 622 F.2d 411, 413 (8th Cir.1980), this court held that a habeas petitioner had not sufficiently presented his federal claim to the state courts where he simply alleged a denial of his right to a fair trial without citing any constitutional provision or federal case. The Supreme Court's most recent pronouncement on the subject of exhaustion supports this court's conclusion in *Thomas.*

In *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam), the Court stated, "[i]t is not enough that all of the facts necessary to support the federal claim were before the state courts, * * * or that a somewhat similar state-law claim was made * * *. In addition, the habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Id.* 103 S.Ct. at 277.

Applying *Thomas* and *Harless* to this case, it becomes clear that Nelson has failed to exhaust his alibi defense claim. Although the facts of the claim were presented to the South Dakota Supreme Court, Nelson's state court brief relied exclusively on South Dakota cases and law relevant to the alleged deprivation of his alibi defense. Nelson contends that certain phrases from his brief should have alerted the South Dakota Supreme Court to his federal due process claim. However, Nelson never used the term "due process" in connection with his claim, and the opinion of the South Dakota Supreme Court indicates that it discerned no due process implications in Nelson's brief on this issue.

Nelson urges this court to take the approach adopted by the Second Circuit and determine that his claim has been exhausted despite his failure to cite federal law to the state court. In *Daye v. Attorney General of New York,* 696 F.2d 186 (2d Cir. 1982) (*en banc*), the Second Circuit outlined several ways in addition to direct reference to the Constitution by which a habeas petitioner may show that he has presented his federal constitutional claim to the state courts.

[T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis and like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitu-

tion, and (d) allegation of a pattern of facts that is well within the main stream of constitutional litigation. [*Id.* at 194].

Assuming, without deciding, that *Daye* is consistent with our approach in *Thomas,* we conclude that, even under the lenient standards set forth in *Daye,* Nelson has failed to establish that he exhausted his alibi defense claim. Nelson did not rely on federal cases in his state appeal on this issue, nor did he cite any state cases that employed a federal constitutional analysis. Although his alibi defense claim falls within the boundaries of possible federal due process claims,[2] the facts underlying the claim do not necessarily bring the due process clause to mind. Finally, Nelson's challenge to a jury instruction which allegedly undermined his alibi defense does not fall within the mainstream of constitutional litigation.[3]

 Nelson also argues that the district court should have given him notice or an opportunity to be heard before dismissing his petition a second time. According to Nelson, the district court's order of March 24, 1982 which explicitly found two of his claims to be unexhausted, thereby implicitly found the remaining claims to be exhausted. In addition, Nelson contends that the district court abused its discretion in failing to appoint counsel for him. Both of these arguments are without merit. Nelson was not entitled to assume that the March 24, 1982 order constituted a final disposition of the exhaustion issue for all of his claims. On the contrary, Nelson was on notice that the State had requested the district court to dismiss his amended petition for lack of exhaustion. The district court was not obligated to invite Nelson to respond on an exhaustion issue, nor was the district court required to hold a hearing on the issue since no facts were in dispute. *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963); *Lindner v. Wyrick,* 644 F.2d 724, 729 (8th Cir.)

*cert. denied,* 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981). Moreover, we conclude that the district court did not abuse its discretion in refusing to appoint counsel.

### III. *Conclusion.*

The district court correctly concluded that the South Dakota courts have not yet had the opportunity to consider the due process implications of Nelson's alibi defense claim. Because there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss Nelson's habeas petition without prejudice for lack of exhaustion.

LAY, Chief Judge, Concurring.

I concur. However, I would dismiss all claims on the merits. Notwithstanding the technical requirements of exhaustion under *Rose v. Lundy,* federal courts still have the prerogative to dismiss all nonmeritorious claims which are frivolous on their face. It becomes ludicrous to dismiss claims for further procedural consideration by either state or federal courts when the claims facially lack merit. Here all claims asserted clearly lack substance; we should not provide false hope to litigants or more work for the courts.

---

**2.** If Nelson's claim could be construed only as a state law claim, then failure to exhaust this claim would not prevent the district court from considering the remaining exhausted federal claim. *See Hall v. Iowa,* 705 F.2d 283, 287 (8th Cir.1983).

**3.** In *Daye,* the petitioner claimed a deprivation of a fair trial due to the alleged partiality of the trial judge.