Milton Dale FEENEY, and David Charles Sells, a/k/a Steven Mark Baker, Appellants,

v.

Calvin AUGER, Warden, Appellees.

No. 86–1137.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1986.

Decided Dec. 31, 1986.

**1280**

Steven J. Pace, Cedar Rapids, Iowa, for appellants.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before McMILLIAN and ARNOLD, Circuit Judges, and NICHOL,* Senior District Judge.

ARNOLD, Circuit Judge.

Milton Dale Feeney and David Charles Sells, inmates at the Iowa State Penitentiary, brought this suit, purportedly under 42 U.S.C. § 1983, to challenge the constitutionality of the Iowa habitual-offender statute, Iowa Code §§ 902.8, 902.9(2). The District Court[1] treated the suit as a petition for habeas corpus under 28 U.S.C. § 2254 and dismissed it for failure to exhaust state remedies. The Court also held, in the alternative, that if no state remedy was presently available to plaintiffs, they still could not be heard by a federal habeas court, because their own procedural defaults in the state-court system would then be a complete bar to federal habeas relief.

The District Court stated its conclusion as follows:

> To the extent that state post-conviction procedures exist by which petitioners may challenge their convictions, they have failed to exhaust their available state remedies as required by 28 U.S.C. § 2254(b) and (c).
>
> To the extent that these remedies are now unavailable to petitioners, a procedural default has occurred which bars them from federal habeas review, absent a showing of cause and actual prejudice.
>
> Petitioners have made no threshold showing of cause for the procedural default, if any there is.

*Milton Dale Feeney v. Calvin Auger*, No. C 85–165, slip op. at 1–2 (N.D. Iowa Oct. 25, 1985) (order dismissing petition) (citation omitted). Thus, the District Court did not decide whether state remedies were presently available. It decided only that if they were not, a procedural default would bar access to the federal habeas court. Its order of dismissal did not expressly indicate whether the dismissal was without prejudice, as would be appropriate in the event of failure to exhaust presently available state remedies, or with prejudice, as would be appropriate in a case of procedural default not overcome by a showing of cause and prejudice.

We hold that the District Court was correct in treating the case as a habeas petition instead of a suit under Section 1983. We vacate the order of dismissal and remand for entry of an order of dismissal without prejudice. Petitioners may attempt to pursue postconviction remedies in the courts of Iowa, and those courts can decide whether any such remedies are presently available.[2]

### I.

In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d

---

* The Hon. Fred J. Nichol, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Hon. Edward J. McManus, Senior United States District Judge for the Northern District of Iowa.

2. This disposition may in fact be what the District Court had in mind. In a later opinion, that Court said:

> While it is unclear whether petitioners may yet avail themselves of state remedies, it is clear that the state courts are the ultimate authority on the availability of these remedies, and that the state courts should be presented with the first opportunity to examine the merits of petitioners' claims.

*Milton Dale Feeney v. Calvin Auger*, No. C 85–165, slip op. at 2 (N.D. Iowa Dec. 30, 1985) (order granting certificate of probable cause).

439 (1973), the Supreme Court held that habeas corpus is the only federal remedy available to a state-prison inmate who challenges the fact or duration of his incarceration and seeks a determination that he is entitled to immediate or early release. This holding precisely covers the present case. Petitioners claim that the Iowa habitual-offender statutes, Iowa Code §§ 902.8, 902.9(2), violate the Due Process and Equal Protection Clauses and are a bill of attainder. Section 902.8 defines habitual offenders as persons, like petitioners, who have "twice before been convicted of any felony...." Such persons shall be imprisoned for up to 15 years, section 902.9(2), and "shall not be eligible for parole until [they have] served the minimum sentence of confinement of three years," section 902.8. The theory of petitioners' complaint is that, absent the habitual-offender statutes, they would be eligible for parole sooner and would be subject to a shorter overall sentence. Their complaint asks that the statutes be declared unconstitutional "and that the State of Iowa be ordered to dismiss habitual criminal convictions and sentences of the plaintiffs." Complaint p. 3, found at p. 17 of the Addendum to Appellants' Brief. This is an attack on the duration of confinement and must therefore be treated as a petition for habeas corpus for exhaustion and other purposes.

■ Feeney and Sells contend that their complaint eludes *Preiser* because it states: "[T]his action is not intended to challenge any portion of [plaintiffs'] original proceedings wherein their current convictions were had." Complaint p. 2, Add. 16. But this allegation misses the mark; the fact remains that they challenge the constitutionality of the habitual-offender sentence and seek early release, which brings this action squarely within *Preiser*. The plaintiffs also argue that the primary relief they seek is the declaration, not the injunction, and that *Preiser* speaks only to § 1983 actions seeking injunctions. Although the plaintiffs in *Preiser* sought only injunctive relief, the holding in that case states:

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a *determination* that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500 (emphasis added). The language of this holding certainly includes declaratory relief, because the essence of that remedy is a judicial determination that a legally enforceable entitlement or duty exists in a given case. The plaintiffs also cite a line of cases holding that the *Preiser* rule does not apply to § 1983 actions challenging the conditions, as opposed to the fact or duration, of confinement. See, *e.g., Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Gerstein v. Pugh,* 420 U.S. 103, 107 n. 6, 95 S.Ct. 854, 859 n. 6, 43 L.Ed.2d 54 (1975); *Wolff v. McDonnell,* 418 U.S. 539, 554–55, 94 S.Ct. 2963, 2973–74, 41 L.Ed.2d 935 (1974). They attempt to bring this action under that line of authority by characterizing their lawsuit as an attack on the procedures by which they were sentenced. But this effort is unsuccessful; their claim challenges the very existence of a different sentence for habitual offenders, not the procedures by which it is imposed. Thus we conclude that the District Court was correct to construe the § 1983 complaint as a habeas petition.[3]

## II.

We have held that the case is to be treated as a habeas corpus petition under 28 U.S.C. § 2254. The next question is whether petitioners have any presently available state remedies. If they do, the petition must be dismissed without prejudice for failure to exhaust.

Both Feeney and Sells pleaded guilty to being habitual offenders. Neither of them made a motion in arrest of judgment under Iowa R.Crim.P. 23(3)(a), which may be a state-law prerequisite to raising on direct appeal the constitutionality of the habitual-offender statute. Sells did not appeal his

---

**3.** Petitioners do not seek damages.

conviction at all and has not sought post-conviction relief. Feeney appealed, but the issue presently at stake was not raised as part of his appeal, and the appeal was, in any case, dismissed when his lawyer (not the lawyer now representing him) asked to withdraw. Feeney then filed a state-court petition for postconviction relief, raising the habitual-offender issue, and that petition is still pending. Brief for Appellants 17.

■ Petitioners both argue on appeal to us that on this state of the record they have no available state remedies. Some of the points made in support of this argument may be rejected out of hand. Feeney says there have been "considerable delays," Brief for Appellants 17, in his postconviction proceeding, and that therefore it cannot afford him an adequate remedy. We cannot accept such a vague contention. We do not know how long ago the proceeding was filed, or what the reasons for any delay may be. We will not assume, at least without more precise information, that the courts of Iowa will not decide this proceeding with reasonable expedition.

In addition, both Feeney and Sells suggest that a new state statute, 1984 Iowa Acts Ch. 1193, § 1, completely eliminates any postconviction relief for them in the state courts. The statute amends Iowa Code § 663A.3 to provide that applications for postconviction relief must be filed within three years after a conviction is final. Feeney was convicted in 1983, and Sells in 1980, so this statute, if it were a bar at all, would apparently affect only Sells. But the question has now been eliminated by the Iowa Supreme Court, which has held that prisoners convicted before the effective date of the statute, July 1, 1984, have three years after the effective date, that is, until July 1, 1987, to file for postconviction relief in the state courts. *Brewer v. Iowa District Court for Pottawattamie County,* 395 N.W.2d 841 (Iowa 1986).

So we are left with this issue: Would the Iowa state courts entertain postconviction petitions despite Feeney's (failure to move in arrest of judgment and failure to include this issue in his appeal) and Sells's (failure to move in arrest of judgment and failure to appeal at all) procedural defaults? The District Court did not address this question. Its resolution is crucial to the future of this case.

■ In general, issues not properly raised on direct appeal will not be entertained by the postconviction court, but this is not true if petitioners can show "sufficient reason" for their omission under Iowa Code § 663A.8. *Washington v. Scurr,* 304 N.W.2d 231, 235 (Iowa 1981). See also *Polly v. State,* 355 N.W.2d 849 (Iowa 1984), which seems to equate the "sufficient reason" standard with the federal "cause and prejudice" standard.

The problem is complicated somewhat by Feeney's and Sells's failure to move in arrest of judgment in the state trial court. Such a motion is the Iowa procedure for contesting entry of judgment on a guilty plea when "upon the whole record no legal judgment can be pronounced." Iowa R.Crim.P. 23(3)(a). The rule provides that "failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude [the] right to assert such challenge on appeal." So, even if Feeney and Sells had filed and perfected appeals urging the habitual-offender issue, the Supreme Court of Iowa might have declined to consider it. And *Wenman v. State,* 327 N.W.2d 216, 217–18 (Iowa 1982), states that constitutional issues will not be addressed in a post-conviction proceeding if they were not raised first in the trial court. On the other hand, a literal reading of Rule 23(3)(a) seems to refer only to the procedural aspects of guilty-plea proceedings. See Iowa R.Crim.P. 8(2)(b)-(d). The unconstitutionality of the habitual-offender statute itself might be considered, by the Iowa courts, as a question sufficiently fundamental to merit decision even in the absence of a motion in arrest of judgment.

■ We suspect that ultimately the Iowa postconviction court would simply ask whether petitioners had a good enough reason for not properly raising their issue at trial or on direct appeal. We are tempted to go ahead and answer this question ourselves. Petitioners have suggested no rea-

son at all for their procedural omissions, either here or in the District Court, so it would be easy enough, in one sense, for us to go ahead and hold that they had no *sufficient* reason. We would then proceed to address the federal-law effect of their procedural default, under either a cause-and-prejudice or a deliberate-bypass standard, as might be appropriate. Yet, on balance, we think the better course is to dismiss this petition *without prejudice* and allow petitioners to obtain from the state courts a definitive decision whether a state postconviction remedy is still open. The issue is one of state law and is somewhat doubtful, as we have indicated. And the State itself seems to ask that its own courts be given the chance to decide this issue:

> It is also up to the state court to determine if Chapter 663A (1985) may still be used by Petitioners, that is, whether sufficient reason exists to allow them to raise the issue now despite the failure to raise it at the first opportunity.... Petitioners assert in their brief that they can show both cause and prejudice.... Petitioner's [*sic*] Brief p. 19. If this is true, then that showing should be made in the state court where "sufficient reason" under Iowa Code Section 663A.8 (1985) is the equivalent, or nearly so, of the *Wainwright* cause and prejudice.

Brief for Appellee pp. 18–19.[4]

### III.

We hold, therefore, that the question of the present availability of a state remedy should be first presented to the Iowa post-conviction court. If the state courts hold that a remedy is available and grant the relief requested, the case will be over.[5] If the state courts hold that a remedy is available and deny the relief requested, petitioners may return to the federal habeas court and get a decision on the merits of their case. If the state courts hold that no remedy is available, petitioners may return to the federal habeas court and attempt to persuade that court to relieve them of their state-law procedural default and reach the merits of their claim.[6] Compare *Thomas v. Wyrick*, 622 F.2d 411, 414 (8th Cir.1980).

We are grateful to counsel appointed by this Court for his services.

Vacated and remanded with instructions to dismiss without prejudice.

---

**4.** The State also suggests that simple lack of knowledge of the existence of a legal issue would provide cause under Iowa law. Brief for Appellee 23. The federal standard is not so lax.

**5.** This possibility seems so unlikely as to be almost fanciful. The Iowa habitual-offender statutes appear to be of the garden variety routinely upheld against constitutional challenges. We think the administration of justice would be greatly improved if we were permitted to cut the Gordian knot and dismiss on their merits frivolous or clearly insubstantial habeas petitions, without going through the procedural gyrations of which this opinion is another unfortunate example. See Lay, C.J., concurring, in *Nelson v. Solem*, 714 F.2d 57 (8th Cir.1983). But, like the District Court, see *Milton Dale Feeney v. Calvin Auger*, No. C 85–165, slip op. at 2 n. 2 (N.D. Iowa Dec. 30, 1985) (order granting certificate of probable cause), we feel bound by higher authority to go through the exhaustion-vs.-procedural-default exercise before reaching the merits of even the plainest question.

**6.** We have considered petitioners' arguments that the District Court erred in denying appointment of counsel and class certification. Our holdings on the more significant issues on the appeal make those questions largely meaningless, and in any event we find no error in the District Court's actions.