Michael A. THOMPSON, Appellant,

v.

Jim JONES, Appellee.

No. 87-2515.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 19, 1988.
Decided Oct. 24, 1988.

Suzanne Philbrick, Oak Lawn, Ill., for appellant.

Patrick L. King, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

LAY, Chief Judge.

Michael Alvin Thompson appeals the denial of his petition for writ of habeas corpus. We affirm.

On September 13, 1982, Thompson allegedly forced a woman to aid him in cashing two forged checks. Each check was made out for the sum of $200.00 and had been cashed within a few hours of the other at the same bank. Thompson was arrested and tried on two counts of forgery.[1] On May 27, 1983, a jury convicted him of only one of the two counts of forgery.

Thompson contends that he was unlawfully convicted as the result of improperly drafted verdict-directors. The jury was given a separate director for each forgery count. Because the circumstances surrounding each charge are so similar, these verdict-directors were virtually identical. Thompson argues that the lack of distinction between these verdict-directors made it impossible for the jury to know which director related to which alleged act of forgery. He claims that as a consequence he was deprived of his right to be convicted of only clearly identified offenses and was subjected to double jeopardy.

On direct appeal of the conviction, the Missouri Court of Appeals found that, while the issue had been properly preserved, Thompson's substantive contention was "without merit." *State v. Thompson,* 691 S.W.2d 322, 327–28 (Mo.Ct.App.1985). The court reasoned that "[v]iewing the evidence and instructions as a whole, along the sequential order in which they were submitted, it was not unreasonable for the jury to acquit Thompson of the first check cashed in Count I and convict him of the second check cashed in Count II * * *." *Id.,* at 327–28. Thompson filed a Motion for Rehearing and Application to Transfer to the Supreme Court of Missouri in which he again cited the inconsistency of identical verdict-directors with state law. This motion was denied on May 17, 1985. Thompson subsequently filed an Application to Transfer to the Missouri Supreme Court and a Motion to Recall the Mandate, Vacate Judgment and Redocket the Cause for Rehearing which were denied on June 25, 1985, and March 28, 1986, respectively.

On June 3, 1986, Thompson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982) in the United States District Court for the Eastern District of Missouri. The district court[2] adopted the magistrate's[3] Review and Recommendation finding that Thompson had fully exhausted the state remedies available to his claims of faulty verdict-directors and ineffective assistance of appellate counsel. Thompson was permitted to amend his complaint to eliminate all other claims that did not meet the exhaustion requirement. In a subsequent order, however, the district court determined that Thompson had failed to raise a federal constitutional theory on appeal and had thereby denied the Missouri Court of Appeals[4] and the Missouri Supreme Court the opportunity to consider petitioner's constitutional claim. The court found this to be a procedural bar to federal review and dismissed this portion of Thompson's petition. The district court also dismissed the claim of ineffective assistance of appellate counsel.[5] Thompson appeals.

---

1. Thompson was also tried and convicted on one count of receiving stolen property. The trial court, however, granted a post-trial motion for judgment of acquittal on this charge.

2. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

3. The Honorable Robert D. Kingsland, United States Magistrate for the Eastern District of Missouri.

4. This finding appears to be somewhat questionable in light of the Missouri Court of Appeal's statement that "Thompson's third point concerned the application of double jeopardy should we reverse and remand, but our resolution of Points I and II disposes of this point." *State v. Thompson,* 691 S.W.2d at 328.

5. The magistrate recommended dismissal of Thompson's claim for ineffective assistance of counsel, as well as dismissal of the double jeopardy claim based on procedural default. Appellate counsel was deemed to have made a reasonable strategic determination in deciding not to raise all possible arguments for appellate review. The district court, noting that Thompson had not objected to the magistrate's recommendation to dismiss the ineffective assistance of

On appeal, Thompson argues that his double jeopardy claim is not procedurally barred because it was in fact raised under a federal constitutional theory at each stage of state appellate review.[6] The state refutes this position and further argues that petitioner is unable to demonstrate a "cause" of his procedural default and any resulting "prejudice" that would justify lifting the bar that precludes federal review of his claims. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977).

As in so many cases, analysis under *Sykes* simply complicates this relatively simple case. Thus, for purposes of this opinion we will assume that petitioner has demonstrated both cause and prejudice. We do this because we feel it is obvious that petitioner has not alleged or proven any constitutional violation. Although the "cause" and "prejudice" tests tend to serve principles of both federalism and finality, where the claim fails to raise any substantial federal constitutional issue we know of no procedural bar to proceeding directly to the merits and dismissing the case accordingly. The Supreme Court has recognized the converse of this procedure in holding that *Sykes* principles do not procedurally bar recognition of a claim establishing a miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986).

The Lack of a Substantial Constitutional Issue

The evidence at trial demonstrated that two separate checks which had been issued by C.M. Brown and Associates, Inc. and made payable to Mildred Bell were cashed on September 13, 1982. These checks had been cashed within hours of each other at the Eagle Bank and Trust. Before the first check was cashed, police were informed by Carol Lovins that Thompson was attempting to force her to help him cash the checks. The police advised her to cooperate with Thompson and inform them afterwards where the checks were cashed. Lovins complied with these instructions and the first check was cashed. Later that day, Lovins was again able to phone the police and tell them that Thompson wanted her help to cash another check. This time the police went to the location where Lovins had placed the call. Upon their arrival they found Thompson and Lovins sitting in a car. They observed Thompson hand Lovins a check. Lovins then went into the bank and cashed the second check. She returned to the car and drove away with Thompson. The police followed the car a short time before pulling it over and arresting Thompson.

■ "The Supreme Court has recognized three situations that implicate double jeopardy concerns: retrial for the same offense following acquittal; retrial for the same offense after conviction; and multiple punishments for conviction of a single offense." *Flittie v. Solem,* 775 F.2d 933, 936 (8th Cir.1985) (citing *Illinois v. Vitale,* 447 U.S. 410, 413, 415, 100 S.Ct. 2260, 2263, 2264, 65 L.Ed.2d 228 (1980) and *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969)), *cert. denied,* 475 U.S. 1025, 106 S.Ct. 1223, 89 L.Ed.2d 333 (1986). Petitioner's claim in the instant case does not involve any of the above-stated concerns. Thompson was tried once on two separate counts of forgery. Acquittal on one count in no way requires acquittal on the other count. Thus, petitioner's claim does not present a double jeopardy issue because he alleges neither multiple prosecutions nor multiple punishments for a single offense. We therefore dismiss the claim as frivolous.

Dismissal of Ineffective Assistance of Counsel Claim

■ We further find that petitioner's claim of ineffective assistance of counsel

---

counsel claim, dismissed the remainder of Thompson's petition.

**6.** Thompson contends that even if the claim was not properly presented and preserved, the district court's initial order nonetheless found that petitioner has exhausted state remedies with regard to this claim. According to Thompson, it is implicit in this finding that a constitutional claim had been sufficiently raised in state proceedings, and neither the state nor the district court should be permitted to alter their position.

for failure to raise all possible issues for appellate review is without merit. This claim goes primarily to appellate counsel's alleged failure to clearly raise the double jeopardy issue. Thompson's double jeopardy claim however has been found to be without merit. Accordingly, there is no prejudice and petitioner is not entitled to any relief on the grounds of ineffective assistance of counsel. *Meyer v. Sargent*, 854 F.2d 1110, 1115–16 (8th Cir.1988) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

For the reasons set forth herein the order of the district court denying the writ of habeas corpus is affirmed.