**Leroy STANBACK, Appellant,**

**v.**

**Jim JONES, MO Training Ctr. for Men; Attorney General of State of MO, Appellees.**

**No. 88–2678.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1989.

Decided July 14, 1989.

Randy M. Smith, St. Louis, Mo., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellees.

Before ARNOLD and MAGILL, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Leroy Stanback, a Missouri state prisoner, appeals the district court's[1] order, adopting a magistrate's[2] review and recommendation and denying Stanback's petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, both on the merits and on procedural grounds. We need not address the question whether Stanback is procedurally barred from pursuing his claims, because we find those claims to be plainly

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

2. The Honorable Robert Kingsland, United States Magistrate for the Eastern District of Missouri.

without constitutional merit. *Thompson v. Jones,* 870 F.2d 432, 434 (8th Cir.1988); *see also Veneri v. Missouri,* 734 F.2d 391, 393 (8th Cir.1984).

Stanback and a companion, while in a Sears, Roebuck & Co. store, aroused the suspicion of Sears employees. As a result, store security personnel placed them under personal and electronic surveillance. The two suspects then were spotted, and videotaped, leaving the store with a large bundle of unidentifiable garments in their arms. Sears personnel pursued them, and not seeing them in the parking lot, began looking into parked cars. One of the security officers discovered Stanback in the back seat of a car, hiding under a pile of women's coats which still bore Sears merchandise tags. Stanback's companion was found hiding under a car parked next to the car in which Stanback was hiding.

At a state trial by jury, Stanback was found guilty of receiving stolen property. Mo.Rev.Stat. § 570.080. He was sentenced as a persistent offender to fifteen years imprisonment. Stanback argues that the evidence was insufficient to prove that the coats were stolen or that he knew they were stolen.[3] The jury's verdict must be sustained if, upon the evidence of record, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791–92, 61 L.Ed.2d 560 (1979). The prosecution is entitled to the benefit of all inferences that may reasonably be drawn. *Id.* at 326, 99 S.Ct. at 2792–93. We hold that the evidence amply supports the verdict.

Stanback also argues that he twice requested the assistance of counsel and that the district court erred in not granting his first request and in not addressing his second request. However, since the petition lacked constitutional merit, the district court properly could decide not to appoint counsel. *See Nelson v. Solem,* 714 F.2d 57, 60 (8th Cir.1983). Fur-

thermore, the record shows that Stanback's second request was not filed until after the district court denied his petition and that the second request accompanied a Notice of Appeal. The clear import is that Stanback was requesting the assistance of counsel to pursue his appeal, not to pursue his petition at the district court level.[4] Thus, the district court did not err in not addressing a request that was not really before it.

Accordingly, we affirm.

---

3. Stanback suggested at one point that a possible scenario was that someone threw the coats on top of him.

4. We note that counsel was appointed and represented Stanback on his appeal.