931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
James Arthur TAYLOR, Petitioner-Appellant,
v.
Lou HESSE and Duane L. Woodard, Attorney General,
Respondents-Appellees.
 No. 90-1271.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 James Arthur Taylor, an inmate at Fremont Correctional Facility in Canon City, Colorado, appeals the district court's adoption of the magistrate judge's recommendation dismissing Mr. Taylor's petition for a writ of habeas corpus. See 28 U.S.C. Sec. 2254 (1988). Both the magistrate judge and the district court found that Mr. Taylor had not exhausted his state remedies.
 
 
 3
 In his petition, Mr. Taylor asserts three allegations of constitutional error in his state court conviction: (1) the admission of testimony relating to his past incarceration violated his constitutional right to a fundamentally fair trial; (2) the use of constitutionally infirm prior convictions for the enhancement of his current sentence violated his constitutional right to due process; and (3) the introduction of a bloodied hammer of only conjectural relevance violated his constitutional rights of due process and a fair trial.
 
 
 4
 A habeas petitioner must exhaust state remedies before bringing an action in federal court. See 28 U.S.C. Sec. 2254 (1988). Under principles of federal-state comity, the statutory exhaustion requirement is met only when the substance of the federal habeas claim has been "fairly presented" to a state court. Picard v. Connor, 404 U.S. 270, 278 (1971); Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir.), cert. denied, 490 U.S. 1112 (1989). The sole issue before us is whether Mr. Taylor's allegations of constitutional violations were fairly presented to the state courts.
 
 
 5
 It is clear that Mr. Taylor raised claims relating to each of the issues before us in state court. See Colorado v. Taylor, No. 85CA1029 (Colo.Ct.App. April 21, 1988). On direct appeal, the petitioner argued: (1) the admission of testimony regarding his past incarceration violated Rule 403 of the Colorado Rules of Evidence; (2) the trial court erroneously relied on constitutionally inform pleas of guilty in its application of the state's habitual offender statute; and (3) the admission of the bloodied hammer was error. As the district court noted, however, those claims must have sufficiently alerted the state court of the claims' federal nature to have been "fairly presented." See Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 6
 In arguing that the state court was apprised of the claims' federal nature, the petitioner urges this court to adopt the standard set forth by the Second Circuit in Daye v. Attorney General of the State of New York, 696 F.2d 186 (2d Cir.1982) (en banc). The court in Daye stated:
 
 
 7
 [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.
 
 
 8
 Id. at 194; see also United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 454 (7th Cir.1984); Franklin v. Rose, 811 F.2d 322, 326 (6th Cir.1987). We have before us only the state court appellate opinion to determine whether the claims were fairly presented; the petitioner did not provide in the record the briefs filed before that court.
 
 
 9
 It is clear from the opinion, which cited Boykin v. Alabama, 395 U.S. 238 (1969), that the state court squarely addressed the constitutional validity of his conviction under the habitual criminal provision. The opinion, however, does not cite federal or state authority employing constitutional analysis when evaluating petitioner's other two claims. Nor does it otherwise employ constitutional doctrine. The petitioner instead bases his exhaustion arguments for these two claims on the last standard set forth in Daye. Mr. Taylor argues that he sufficiently alleged in the state court a pattern of facts that is well within the mainstream of constitutional litigation. We disagree.
 
 
 10
 Even if we were to adopt the test set out in Daye, we do not find that the factual pattern alleged in Mr. Taylor's remaining two claims are intrinsically federal in nature. The state appellate court upheld the admission of testimony concerning the petitioner's prior criminal record squarely on a state evidentiary ruling. That the state's evidentiary rule patterns Fed.R.Crim.P. 403 does not demonstrate the federal nature of the claim or otherwise put the state court on notice of the argument's constitutional dimension. The state court was not therefore given a " 'fair opportunity' to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim." Anderson v. Harless, 459 U.S. 4, 6 (1982). The claim that evidence should not have been admitted pursuant to a state evidentiary rule is not the substantial equivalent to a claim that the admission of that evidence deprived the defendant of a fair trial. Nor do we infer constitutional dimension in the state appellate court's treatment of the admissibility of the bloodied hammer. The relevancy issue addressed by the state court, combined with the underlying facts, do not necessarily bring the due process clause to mind. Cf. Nelson v. Solem, 714 F.2d 57, 60 (8th Cir.1983).
 
 
 11
 A habeas petitioner must exhaust available state court remedies on all claims before filing a petition in federal court. Rose v. Lundy, 455 U.S. 509, 522 (1982). Because we find that the petitioner exhausted only one of the three claims before us in state court, the decision of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3